UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MIQUEL DWYNE SHEARER,

    Plaintiff,

V.

COMMONWEALTH OF KENTUCKY, et al.,

    Defendants.

Civil Action No. 5: 17-460-KKC

**MEMORANDUM OPINION
& ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Miquel Dwyne Shearer is a resident of Lexington, Kentucky. Proceeding without counsel, he has filed a "motion for a writ of habeas corpus" [R. 1] and a motion to waive payment of the filing and administrative fees. [R. 2] For administrative purposes, Shearer's "motion" has been docketed as a civil proceeding. The information contained in Shearer's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee. [R. 2]. Because Shearer has been granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

While this matter has been docketed as a civil proceeding for administrative purposes, Shearer's motion is insufficient to invoke this Court's jurisdiction. Although styled as a "motion for a writ of habeas corpus," it is unclear whether Shearer is currently in custody. The federal habeas statute provides that habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Shearer makes references to incarceration at the Fayette County Detention Center, it is not clear that he is currently incarcerated there. Even more confusing, his mailing

address of record appears to be a residential mailing address. If Shearer is not currently in custody, habeas relief is unavailable to him.

In addition, Shearer names the "Commonwealth of Kentucky" and an unidentified female Family Court Judge as Defendants. However, in a habeas proceeding, the correct respondent is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Moreover, to the extent that Shearer is attempting to bring a civil rights action against these Defendants, unnamed defendants, without any identifying description, cannot be parties. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming district court's dismissal of "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute").

For these reasons, the Court finds that the complaint filed by Shearer does not constitute a civil complaint properly filed in this Court. Thus, the Court will *sua sponte* dismiss Shearer's complaint for lack of subject matter jurisdiction because the allegations in the complaint are totally unsubstantial, frivolous, and devoid of merit. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(holding that a district court may, upon its own motion, dismiss for lack of subject matter jurisdiction any complaint whose allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

However, even if this Court had jurisdiction, Shearer has clearly failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) (authorizing dismissal of a complaint for this reason). As best as the Court can tell, Shearer believes that his constitutional rights were violated during proceedings in the Fayette County, Kentucky, Family Court. However, Shearer's claims against the Commonwealth of Kentucky would be barred by sovereign immunity, *see Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013), and his claims against one of the Fayette County Family Court Judges would be barred by

the doctrine of judicial immunity. *See Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)).

For all of the foregoing reasons, Shearer's complaint is without merit and will be dismissed.

Accordingly, it is **ORDERED** as follows:

1. Shearer's motion for leave to proceed *in forma pauperis* [R. 2] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**.

2. Shearer's complaint [R. 1] is **DISMISSED**.

3. The Court will enter an appropriate judgment.

4. This action is **STRICKEN** from the active docket of the Court.

Dated February 2, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY